## Shertzer v. Institute of Pastoral Care Inc.

*Robert F. Claraval,* for plaintiff.

*Jeffrey Rettig,* for defendant Christ United Presbyterian Church.

*F. Lee Shipman,* for defendant St. Mark's Evangelical Lutheran Church.

*Darrell N. VanOrmer Jr.,* for defendant Gerald I. Gingrich.

HESS, *J.,* January 5, 1990 — This action was initiated by plaintiff, Brenda Shertzer, by complaint on March 12, 1988. Therein, she alleges that Gerald Gingrich, her marriage counselor, had sexual relations with her beginning in 1978 and lasting for a period of almost 10 years. She claims that she has suffered psychological damage due to Dr. Gingrich's alleged manipulation of her in the context of a confidential relationship. Following her treatment by defendant, Gerald Gingrich, and because of it, plaintiff began psychological treatment with Dr. James Knestrick. She has been involved in extensive psychological counselling with him and we are led to understand that their relationship as doctor and patient is continuing during the course of this lawsuit.

On April 12, 1989, a subpoena was issued to Dr. Knestrick seeking all of his business records and office notes relating to his treatment of plaintiff. Dr. Knestrick's office manager responded by forwarding all the office records except the treating psychologist's therapy notes, with respect to which Dr. Knestrick asserts a psychologist-patient privilege. Following these developments, defendants, Christ United Presbyterian Church and First United Church of Christ of Carlisle, filed a motion to compel the production of plaintiff's psychological records including the therapy notes.

Dr. Knestrick is licensed to practice psychology in the Commonwealth of Pennsylvania. Plaintiff re-

fuses to consent to the release of Dr. Knestrick's therapy notes for any reason. With respect to the confidentiality thereof, Dr. Knestrick and the plaintiff rely upon the following statutory language:

"§5944. *Confidential communications to licensed psychologists* —

"No person who has been licensed under the act of March 23, 1972 (P.L. 136, no. 52), to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client. The confidential relations and communications between a psychologist and his client shall be on the same basis as those provided or prescribed by law between an attorney and client." 42 Pa.C.S. §5944.

Because plaintiff seeks damages for adverse psychological effects of her relationship with Dr. Gingrich and because of the likelihood that Dr. Knestrick will be called as a witness, defendants assert that they are entitled to review Dr. Knestrick's notes. They contend that this is so notwithstanding the fact that the notes contain evidence of confidential communications between plaintiff and Dr. Knestrick which are, in accordance with the terms of 42 Pa.C.S. §5944, clearly privileged.

To compel production of Dr. Knestrick's notes, at this stage in the litigation, would be clearly violative of the judicial code. By the clear wording of the statute, third parties may not cause psychologists to be examined without the written consent of their patients. Inasmuch as the statute analogizes the privilege to the one which exists between attorneys and clients, it is equally clear that the disclosure of confidential communications is impermissible unless the privilege is waived by the patient or client.

It will, no doubt, be asserted that by calling Dr.

Knestrick to testify in this case, plaintiff will waive any privilege concerning communications with her psychologist. It may perhaps even be suggested that by signing an expert interrogatory, wherein she names Dr. Knestrick as a psychological expert, she may be deemed to have waived "in writing" the confidentiality which is otherwise conferred by statute. However, no expert interrogatories have as yet been filed in this case. Nor, inasmuch as the trial of the matter has yet to begin, can it be said that any privilege has been "waived upon the trial by the client?" 42 Pa.C.S. §5928. Whether plaintiff can even be compelled to produce the records of her conversations with her psychologist is a question which must await another day. At this juncture the request is clearly premature.

### ORDER

And now, January 5, 1990, defendant's motion to compel is denied.